IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARK A. SPRUANCE**, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 06-337-JJF |
| **THOMAS L. CARROLL**, Warden, and **CARL C. DANBERG**, Attorney General for the State of Delaware, | : | |
| Respondents. | : | |

### MOTION FOR LEAVE
### TO FILE MOTION TO DISMISS

Respondents move for leave to file a motion to dismiss, in lieu of an answer, under Rule 5 of the Rules Governing Section 2254 Actions and in support thereof state the following:

On December 17, 1992, the petitioner, Mark A. Spruance, was convicted by a Delaware Superior Court jury of attempted robbery in the first degree and unlawful sexual intercourse in the first degree.[1]   D.I. 2.  Subsequently, Superior Court sentenced Spruance to twenty-eight years in prison, followed by eleven years of probation.  *See State v. Spruance*, ID No. 92S00269DI, 1996 Del. Super. LEXIS 526, at *1 (Del. Super. Ct. Nov. 8, 1996).  On direct appeal, the Delaware Supreme Court affirmed the conviction.  *Spruance v. State*, No. 56, 1993, 1994 WL 144590 (Del. Mar. 25, 1994).  Spruance did not immediately apply for state postconviction relief, instead applying for federal habeas relief in 1995.  This Court, in a 7-page memorandum opinion, denied the petition in January 1996.  *Spruance v. Snyder*, Civ. Act. No. 95-226-JJF (D. Del. Jan. 22, 1996).

---

[1] Prior to trial, state prosecutors entered a *nolle prosequi* on charges of first degree robbery and second degree robbery.  *See* Del. Super. Ct. Crim. Dkt. in ID No. 92S00269DI at Item 24.

Following the denial of his federal habeas petition, Spruance moved for a reduction of sentence which was summarily denied in April 1996. Spruance then moved for postconviction relief under Delaware Superior Court Criminal Rule 61, which was denied in November 1996. *State v. Spruance*, ID No. 92S00269DI, 1996 Del. Super. LEXIS 526, at *2 (Del. Super. Ct. Nov. 8, 1996). That decision was affirmed on appeal to the Delaware Supreme Court. *Spruance v. State*, No. 494, 1996, 1997 WL 139811, at *1 (Del. Mar. 20, 1997). Spruance also filed a petition in Superior Court for a writ of habeas corpus. That petition was denied, and the denial was affirmed by the state supreme court. *Spruance v. State*, No. 35, 1997, 1997 WL 274768, at *1 (Del. Apr. 25, 1997).

In August 1997, Spruance filed his second state postconviction motion which was denied in January 1998. That decision was affirmed on appeal. *Spruance v. State*, No. 69, 1998, 1998 WL 666714, at *1 (Del. July 15, 1998).[2] Four years later, in August 2002, Spruance requested a sentence modification. That request was deemed to be untimely, and Spruance's appeal was dismissed as interlocutory. *Spruance v. State*, No. 58, 2003, 2003 Del. LEXIS 139, at *1 (Del. Mar. 6, 2003). Another two years later, Spruance filed his third motion for postconviction relief which was denied as time barred. *State v. Spruance*, ID No. 92S00269DI, 2005 Del. Super. LEXIS 79, at *1 (Del. Super. Ct. Mar. 11, 2005). Seven months later, a fourth motion for postconviction relief was filed and also denied. The Superior Court's decision to deny Spruance's third and fourth motions was affirmed on appeal to the state supreme court. *Spruance v. State*, No. 564, 2005, 2006 Del. LEXIS 198, at *1 (Del. Apr. 24, 2006).

In a petition dated May 15, 2006, Spruance has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death

---

[2] During this time period, Spruance also moved to vacate his sentence. Superior Court denied the motion in January 1998 and no appeal was taken.

2

Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See In re Minarik*, 166 F.3d 591, 599-600 (3d Cir.1999. Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A).

Though Habeas Rule 5 requires the filing of an answer to the petition, Habeas Rule 4 provides that the district court may permit other pleadings to be filed in response to a federal habeas petition. Indeed, the Advisory Committee Notes to both the 1976 version of Rule 4 and the 2004 amendments make that perfectly clear; "For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent . . . ." Habeas Rule 4, adv. comm. notes (1976). In light of the jurisdictional defect in Spruance's instant action, a full answer to the allegation in the petition is unnecessary. If judicial economy and efficiency are important considerations behind requiring an "answer" under Rule 5, those considerations are equally well served by allowing a motion to dismiss in this case where the filing of the petition has not been authorized under § 2244(b)(3). *See also Benchoff v. Colleran*, 404 F.3d 8112, 816 (3d Cir. 2005) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."). In the event that Spruance obtains the requisite permission from the Court of Appeals under § 2244(b)(3), respondents, consistent with Rule 5 and local practice, can then file an answer to the petition.

To minimize any delay, respondents have, contemporaneously with this application, filed the motion to dismiss the petition.

For the foregoing reasons, the application for leave to file a motion to dismiss should be granted.

          /s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  September 20, 2006

**RULE 7.1.1 CERTIFICATION**

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

/s/ Elizabeth R. McFarlan
Deputy Attorney General

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2006, I electronically filed a motion for leave to file a motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on September 20, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Mark A. Spruance
SBI No. 00170011
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us