IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARK A. SPRUANCE**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-337-JJF |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

In December 1992, a Delaware Superior Court jury found the petitioner, Mark A. Spruance, guilty of attempted robbery in the first degree and unlawful sexual intercourse in the first degree. [1] On January 22, 1993, Superior Court sentenced Spruance to life twenty-eight years in prison, followed by eleven years of probation. On direct appeal, the Delaware Supreme Court affirmed the conviction. *Spruance v. State*, No. 56, 1993, 1994 WL 144590 (Del. Mar. 25, 1994). Spruance did not apply for state postconviction relief, instead applying for federal habeas relief in 1995. This Court, in a 7-page memorandum opinion, denied the petition in January 1996. *Spruance v. Snyder*, Civ. Act. No. 95-226-JJF (D. Del. Jan. 22, 1996).

Following the denial of his original federal habeas petition, Spruance moved for a reduction of sentence which was summarily denied in April 1996. Spruance then moved for

---

[1] Prior to trial, state prosecutors entered a *nolle prosequi* on charges of first degree robbery and second degree robbery. *See* Del. Super. Ct. Crim. Dkt. in ID No. 92S00269DI at Item 24.

postconviction relief under Delaware Superior Court Criminal Rule 61 which was denied in November 1996. *State v. Spruance*, ID No. 92S00269DI, 1996 Del. Super. LEXIS 526, at *2 (Del. Super. Ct. Nov. 8, 1996). That decision was affirmed on appeal to the Delaware Supreme Court. *Spruance v. State*, No. 494, 1996, 1997 WL 139811, at *1 (Del. Mar. 20, 1997). Spruance also filed a petition in Superior Court for a writ of habeas corpus. That petition was denied, and the denial was affirmed by the state supreme court. *Spruance v. State*, No. 35, 1997, 1997 WL 274768, at *1 (Del. Apr. 25, 1997).

In August 1997, Spruance filed his second state postconviction motion which was denied in January 1998. That decision was affirmed on appeal. *Spruance v. State*, No. 69, 1998, 1998 WL 666714, at *1 (Del. July 15, 1998).[2] Four years later, in August 2002, Spruance requested a sentence modification. That request was deemed to be untimely, and Spruance's appeal was dismissed as interlocutory. *Spruance v. State*, No. 58, 2003, 2003 Del. LEXIS 139, at *1 (Del. Mar. 6, 2003). Another two years later, Spruance filed his third motion for postconviction relief which was denied as time barred. *State v. Spruance*, ID No. 92S00269DI, 2005 Del. Super. LEXIS 79, at *1 (Del. Super. Ct. Mar. 11, 2005). Seven months later, a fourth motion for postconviction relief was filed and also denied. The Superior Court's decision to deny both Spruance's third and fourth motions was affirmed on appeal to the state supreme court. *Spruance v. State*, No. 564, 2005, 2006 Del. LEXIS 198, at *1 (Del. Apr. 24, 2006).

In a petition dated May 15, 2006, Spruance has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See In re Minarik*, 166 F.3d 591, 599-600 (3d Cir.1999). Under AEDPA, a state prisoner

---

[2] During this time period, Spruance also moved to vacate his sentence. Superior Court denied the motion in January 1998 and no appeal was taken.

submitting a second or successive petition must obtain leave from the court of appeals to file the petition.  28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.").  Spruance's petition, raising three claims relating to his original indictment and trial,[3] does not challenge conduct that occurred subsequent to the filing of the earlier petition.  Thus, Spruance's instant petition is clearly a "second or successive" petition.  *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).  The record is clear that Spruance has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition.  Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider Spruance's latest petition, and the case must therefore be dismissed.  *See id*. at 820; *Felker*, 518 U.S. at 657 (1996).[4]

    Respondents attach herewith the memorandum opinion of the Court in Civil Action 95-226-JJF.

---

[3] Spruance presents the following claims in his petition:  (1) Spruance was denied a separate interpreter for the defense in violation of the Confrontation Clause; (2) the prosecution amended the indictment from unlawful sexual intercourse to attempted unlawful intercourse without returning to the grand jury; and (3) the state court failed to follow its rules regarding amendments to an indictment in violation of the Fifth Amendment.  D.I. 2 at 6-9.

[4] Even if the Court found Spruance's claims were not successive, the two claims regarding indictment are not cognizable on federal habeas review and all three claims are time-barred, Spruance having also failed to allege any extraordinary circumstances that prevented him from raising these issues in his 1995 petition.

    For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

                                          <u>/s/ Elizabeth R. McFarlan</u>
                                          Deputy Attorney General
                                          Department of Justice
                                          820 N. French Street
                                          Wilmington, DE 19801
                                          (302) 577-8500
                                          Del. Bar. ID No. 3759
                                          elizabeth.mcfarlan@state.de.us

Date:  September 20, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2006, I electronically filed a motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on September 20, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Mark A. Spruance
SBI No. 00170011
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us