IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK A. SPRUANCE,                    :
                                     :
          Petitioner,                :
                                     :
     v.                              :    Civ. Action No. 06-337-JJF
                                     :
THOMAS L. CARROLL, Warden,           :
and CARL C. DANBERG,                 :
Attorney General of the              :
State of Delaware,                   :
                                     :
          Respondents.               :

MEMORANDUM ORDER

Pending before this Court is Respondents' Motion To Dismiss
Petitioner's petition for a writ of habeas corpus filed pursuant
to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.
(D.I. 13). For the reasons discussed, the Court will grant the
motion.

I.    BACKGROUND

In 1995, Petitioner Mark A. Spruance filed his first
petition for a writ of habeas corpus in this Court pursuant to 28
U.S.C. § 2254 challenging his 1992 conviction for Attempted First
Degree Robbery and Unlawful Sexual Intercourse. The petition
asserted that the trial court admitted improper testimony because
the interpreter mistranslated the victim's testimony and that the
prosecutor made improper comments in his closing arguments at
trial. On January 22, 1996, the Court denied the petition.

On May 22, 2006, Petitioner filed the present habeas
petition asserting the following three claims: 1) that he was

denied a separate interpreter in violation of the Confrontation Clause; 2) that the prosecution amended the indictment from Unlawful Sexual Intercourse to Attempted Unlawful Intercourse without returning to the grand jury in violation of the Fifth and Sixth Amendments; and 3) that the state court violated the Fifth Amendment by not following its rules regarding amendment of an indictment.  (D.I. 2).

On September 20, 2006, Respondents filed this Motion To Dismiss for lack of subject matter jurisdiction. (D.I. 13). Specifically, Respondents contend the Court has no jurisdiction because the instant habeas petition is a "second or successive" petition and Petitioner has not obtained leave from the appropriate court of appeals before filing.

## II.   DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant filing a second or successive habeas petition in the district court must first obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  A habeas petition is "second or successive" if it asserts claims that could have been raised in the first petition and there is no legitimate excuse for failing to raise the claims in the first petition.  Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d. Cir. 2005).  This AEDPA requirement applies even if the first petition was filed before AEDPA's enactment.  Id.

Both Petitioner's original and instant habeas petitions challenge conduct by the court and prosecution surrounding the circumstances of Petitioner's conviction. The instant petition does not challenge conduct that occurred subsequent to the filing of Petitioner's original habeas petition. The Court concludes the claims asserted in the instant petition could have been raised in the original and, therefore, the instant petition is a second or successive petition. The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Thus, the Court finds that pursuant to 28 U.S.C. § 2244(b)(3), it does not have jurisdiction to review Petitioner's habeas petition. Accordingly, the Court will grant Respondents' Motion To Dismiss (D.I. 13).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1.  Respondents' Motion To Dismiss (D.I. 13) is **GRANTED**.

2.  Petitioner's Motion For Leave To File Motion To Compel (D.I. 14) is **DENIED** as moot.

3.  A certificate of appealability is not warranted because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d. Cir. 1997).

3

4.    Pursuant to Rule 4, 28 U.S.C. § 2254, the Clerk shall

forthwith serve a copy of this Order upon: 1) the above-

named Warden of the facility in which Petitioner is

housed; and 2) the Attorney General for the State of

Delaware.

5.    The Clerk shall send a copy of this Order to Petitioner.


October ____, 2006                           _____
                                              UNITED STATES DISTRICT JUDGE