NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT


U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

DISTRICT COURT
DOCKET NUMBER: _06 - 337 - JJF_

MARK A. SPRUANCE

v.
THOMAS L. CARROLL, WARDEN,
CARL C. DANBERG - ATTORNEY GENERAL,
OF THE STATE OF DELAWARE.

DISTRICT COURT
JUDGE: _JOSEPH J. FARNAN_

Notice is hereby given that ___MARK  A.  SPRUANCE___
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [  ] Judgment. [✓] Order.

[✓] Other (specify) ___MEMORANDUM___


entered in this action on _10 - 17 - 2006_
(date)

Dated: _10-17-2006_


___PRO'SE___
(Counsel for Appellant-Signature)

FILED

NOV 27 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned


___MARK A. SPRUANCE - PRO'SE___
(Name of Counsel - Typed)

_1181 PADDOCK ROAD_
(Address)

_SMYRNA, DELAWARE, 19977_
(City, State Zip)

_N/A_
(Telephone Number)

___CARL C. DANBERG___
(Counsel for Appellee)
_CARVEL STATE OFFICE BUILDING_
_820 N. FRENCH STREET_
(Address)

_WILMINGTON, DELAWARE, 19801_
(City, State Zip)

_N/A_
(Telephone Number)

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the
Notice of Appeal sheet.

INMAte Mark Spurance

SBI# 170011    UNIT W-1 L-3

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

LeGAL
MAil

● Carl C. Danberg Attorney
General United States District
Court 844 N. King Street Lockbox18
Wilmington, Delaware
19801- 3570

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK A. SPRUANCE, | : |
| Petitioner, | : |
| v. | : Civ. Action No. 06-337-JJF |
| THOMAS L. CARROLL, Warden, | : |
| and CARL C. DANBERG, | : |
| Attorney General of the | : |
| State of Delaware, | : |
| Respondents. | : |

**MEMORANDUM ORDER**

Pending before this Court is Respondents' Motion To Dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction. (D.I. 13). For the reasons discussed, the Court will grant the motion.

**I.   BACKGROUND**

In 1995, Petitioner Mark A. Spruance filed his first petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 challenging his 1992 conviction for Attempted First Degree Robbery and Unlawful Sexual Intercourse. The petition asserted that the trial court admitted improper testimony because the interpreter mistranslated the victim's testimony and that the prosecutor made improper comments in his closing arguments at trial. On January 22, 1996, the Court denied the petition.

On May 22, 2006, Petitioner filed the present habeas petition asserting the following three claims: 1) that he was

denied a separate interpreter in violation of the Confrontation Clause; 2) that the prosecution amended the indictment from Unlawful Sexual Intercourse to Attempted Unlawful Intercourse without returning to the grand jury in violation of the Fifth and Sixth Amendments; and 3) that the state court violated the Fifth Amendment by not following its rules regarding amendment of an indictment. (D.I. 2).

On September 20, 2006, Respondents filed this Motion To Dismiss for lack of subject matter jurisdiction. (D.I. 13). Specifically, Respondents contend the Court has no jurisdiction because the instant habeas petition is a "second or successive" petition and Petitioner has not obtained leave from the appropriate court of appeals before filing.

## II. DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant filing a second or successive habeas petition in the district court must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). A habeas petition is "second or successive" if it asserts claims that could have been raised in the first petition and there is no legitimate excuse for failing to raise the claims in the first petition. Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d. Cir. 2005). This AEDPA requirement applies even if the first petition was filed before AEDPA's enactment. Id.

2

Both Petitioner's original and instant habeas petitions challenge conduct by the court and prosecution surrounding the circumstances of Petitioner's conviction. The instant petition does not challenge conduct that occurred subsequent to the filing of Petitioner's original habeas petition. The Court concludes the claims asserted in the instant petition could have been raised in the original and, therefore, the instant petition is a second or successive petition. The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Thus, the Court finds that pursuant to 28 U.S.C. § 2244(b)(3), it does not have jurisdiction to review Petitioner's habeas petition. Accordingly, the Court will grant Respondents' Motion To Dismiss (D.I. 13).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Respondents' Motion To Dismiss (D.I. 13) is **GRANTED**.

2. Petitioner's Motion For Leave To File Motion To Compel (D.I. 14) is **DENIED** as moot.

3. A certificate of appealability is not warranted because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d. Cir. 1997).

3

4.  Pursuant to Rule 4, 28 U.S.C. § 2254, the Clerk shall
    forthwith serve a copy of this Order upon: 1) the above-
    named Warden of the facility in which Petitioner is
    housed; and 2) the Attorney General for the State of
    Delaware.

5.  The Clerk shall send a copy of this Order to Petitioner.

October  11  , 2006

UNITED STATES DISTRICT JUDGE

4

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | DELAWARE |
|---|---|---|

| Name (under which you were convicted):    MARK A. SPRUANCE | Docket or Case No.: |
|---|---|

| Place of Confinement:    Delaware Correctional Center | Prisoner No.:    00170011 |
|---|---|

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

MARK A. SPRUANCE v. THOMAS CARROLL

The Attorney General of the State of    CARL DANBERG

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _THE SUPERIOR COURT OF SUSSEX COUNTY_

(b) Criminal docket or case number (if you know): _92-01-0382 - 0383 (R3)_

2.  (a) Date of the judgment of conviction (if you know): _12-17-1992_

(b) Date of sentencing: _same_

3.  Length of sentence: _28 years level-5 followed by probation_

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: _Attempted Robbery and Unlawful sexual intercourse_

6.  (a) What was your plea? (Check one)

    (1)    Not guilty ☑        (3)    Nolo contendere (no contest) ☐

    (2)    Guilty ☐            (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑         Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Delaware supreme Court_

(b) Docket or case number (if you know): _640 A. 2d 655 (1994) wL 144590_

(c) Result: _conviction affirmed_

(d) Date of result (if you know): _3/25/1994_

(e) Citation to the case (if you know): _640 A. 2d. 655 1994 wL 144590_

(f) Grounds raised: _Don't rember exactly_

(g) Did you seek further review by a higher state court?   Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: _Superior Court of Sussex County_

(2) Docket or case number (if you know): _92-01-0382 - 0383_

(3) Result: _denied_

(4) Date of result (if you know): _10/28/1996_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _Don't rember exactly_

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _N/A_

Page 4

(2) Result: _____ N/A _____

(3) Date of result (if you know): _____ N/A _____

(4) Citation to the case (if you know): _____ N/A _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _Superior Court of Sussex County_

      (2) Docket or case number (if you know): _Cr. A. No. 92-01-0382-0383_

      (3) Date of filing (if you know): _8/11/1992_

      (4) Nature of the proceeding: _Motion for postconviction relief_

      (5) Grounds raised: _Violation of constitutional rights_

      _that pertain to 5th and 6th amendment rights and_

      _superior court criminal rules 7(a) and 7(b)_

      _____

      _____

      _____

      _____

      _____

      (6) Did you receive a hearing where evidence was given on your petition, application, or

      motion?    Yes ☑ No ☐

      (7) Result: _Motion denied_

      (8) Date of result (if you know): _1/23/1998_

   (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _Delaware supreme Court_

      (2) Docket or case number (if you know): _718 A. 2d 529 1998 WL 446714_

      (3) Date of filing (if you know): _don't know_

      (4) Nature of the proceeding: _Appealed to the supreme Court_

      (5) Grounds raised: _same as above_

      _____

      _____

      _____

      _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☑

(7) Result: _____Supreme court affirmed_____

(8) Date of result (if you know): 7/15/1998

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _Superior court of Sussex County_

(2) Docket or case number (if you know): 92-01-0382-0383

(3) Date of filing (if you know): don't rember

(4) Nature of the proceeding: Motion for Postconviction Relief

(5) Grounds raised: violation of fifth amendment rights and sixth amendment rights - illegal arrest - insufficient evidence - illegal conviction

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☑

(7) Result: Motion denied

(8) Date of result (if you know): March-11-05

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑  No ☐

(2) Second petition:    Yes ☑  No ☐

(3) Third petition:    Yes ☑  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_N/A_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _VIOLATION OF THE SIXTH AMENDMENT CONFRONTATION CLAUSE_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The (witness-victim) gave testimonial communication to the court as a witness for the prosecution in a language unknown to the defense. That language was interpeted by a translater provided for the prosecution. The defendant and his counsel was denied a interpeter for the defense even after conflicts were found with the victims testimony, and the interpetation._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☑   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑  No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: _Motion for Postconviction Relief_
   Name and location of the court where the motion or petition was filed: _Sussex County Superior Court_

Page 7

Docket or case number (if you know): _CR. A. NO. 92-01-0382-0383 (R3)_

Date of the court's decision: _10-25-2005_

Result (attach a copy of the court's opinion or order, if available): _____ _EXHIBIT (1)_

_____

_____

(3) Did you receive a hearing on your motion or petition?

　　Yes ☐　No ☑

(4) Did you appeal from the denial of your motion or petition?

　　Yes ☑　No ☐

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?

　　Yes ☑　No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT OF_

_DELAWARE - DOVER DE?_

Docket or case number (if you know): _NO. 564, 2005_

Date of the court's decision: _4-24-2006_

Result (attach a copy of the court's opinion or order, if available): _EX HIBIT (2)_

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ _N/A_

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N//A_

_____ _Present spetition_

_____

GROUND TWO: _VIOLATION OF THE SIXTH AMENDMENT_
_AND FIFTH AMENDMENT GOVERNING GRAND JURY INDICTMENTS._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_After the defense Counsel proved that the states evidence_
_would not render A conviction ; The prosecution changed_
_the indicted charged of unlawful sexual intercourse to the_
_charge of attempted without returning to the Grand jury ,_

Page 8

*for the Grand jury's to review and make A determination, to prevent the Governments intrusion's.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____ *N/A*

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *counsel elected to raise other grounds against my wishes*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Motion for Post-conviction*

Name and location of the court where the motion or petition was filed: *SUSSEX COUNTY SUPERIOR COURT, 1 the circle suite 2 - Georgetown Del 19947*

Docket or case number (if you know): *No. 92-01-0382-0383*

Date of the court's decision: *October 25, 2005*

Result (attach a copy of the court's opinion or order, if available): *see EXHIBIT (1)*

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *THE DELAWARE SUPREME COURT DOVER, Del,*

Page 9

Docket or case number (if you know): _____ *NO. 564, 2005* _____

Date of the court's decision: _____ *April / 24 / 2006* _____

Result (attach a copy of the court's opinion or order, if available): _____ *see  EXHIBIT (2)* ___

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ *N/A* _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative, remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____ *N/A* ___
_____ *Present  Petition* _____

GROUND THREE: *VIOLATION  OF  THE  FIFTH  AMENDMENT  Rule ESTABLISHED  IN  THE  SUPERIOR  COURT  RULES  7(a)  and  7(b).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*This administration of the law was unreasonable and placed the defendant twice in jeopardy, and creating harmful errors and a form of prejudice. because the rules require that the indictment be plain-concise, and definite written of facts constituting the offense or offenses charged and, not changed or altered without returning to the grand jury for A new indictment.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____ *N/A* ___

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: *Counsel elected to raise different grounds against my wishes.*

Page 10

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __Motion for Post-conviction Relief__

Name and location of the court where the motion or petition was filed: __SUSSEX COUNTY__ __SUPERIOR COURT / The Circle Suite 2 Georgetown Del 19947__

Docket or case number (if you know): __CR. A. NO. 92-01-0383-0382__

Date of the court's decision: __1-23-1998__

Result (attach a copy of the court's opinion or order, if available): __N/A__ __Lost over the years__

(3) Did you receive a hearing on your motion or petition?
Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __THE SUPREME COURT OF DELAWARE__

Docket or case number (if you know): __718 A. 2d 529 1998 WL 666714__

Date of the court's decision: __7-15-1998__

Result (attach a copy of the court's opinion or order, if available): __N/A__ __Lost over the years__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __N/A__

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __I have reraised this issue of Constitutional violation in the superior Court and Supreme Court.__

GROUND FOUR: _____ *N/A* _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____ *N/A* _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____ *N/A* _____

_____

_____

_____

(c) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____ *N/A* _____

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?    Yes ❑ No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ *N/A* _____

Name and location of the court where the motion or petition was filed: _____ *N/A* _____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ *N/A* _____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ *N/A* _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ *N/A* _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?       Yes ☑  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ *N/A* _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ *N/A* _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?       Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. __*N/A*__

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____*N/A*_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ____*Don't rember*____

(b) At arraignment and plea: ____*KARL HALLER*____

(c) At trial: ____*KARL HALLER*____

(d) At sentencing: ____*KARL HALLER*____

(e) On appeal: ____*DIRECT APPEAL — KARL HALLER and John R. HINER JR.*____

(f) In any post-conviction proceeding: ____*PRO-SE*____

(g) On appeal from any ruling against you in a post-conviction proceeding: ____*PRO-SE*____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ *N/A* _____

(b) Give the date the other sentence was imposed: _____ *N/A* _____

(c) Give the length of the other sentence: _____ *N/A* _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* *The petitioner states that he has filed all his motions and appeals in accordance with the superior court and Supreme Court Rules as required. He states that pursuant to Superior Court Rule 61(i)(5) he presented evidence and facts supporting a colorable claim that there was a miscarriage of justice. He also presented factual constitutional violations that undermined the fundamental legality, reliability, integrity and fairness of the proceedings that led to his conviction. He states that the lower Courts consistantly ignores relevant issues of constitutional violations that call for new trials or dismissal of charges. The Petitioner is seeking this Courts permission to allow him to bring his case to the District Court for full review, and that the trial Court be subjected to procedures as the criminal rules require regardles of how many years has past. It has become common practice for Sussex County Superior Court to ignor the Grand jury procedures required in indictments. Please review Exibit (1) and Exhibit (8) The trial court has never examined the factual violation but rather ignored them by barring them without consideration.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _THAT HIS CASE BE REMANDED BACK TO THE TRIAL COURT FOR A NEW TRIAL_

or any other relief to which petitioner may be entitled.

_PRO-SE_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _MAy 15 - 2006_ (month, date, year).

Executed (signed) on _____/ 5_____ (date).

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____ _____

_____    _____

_____    _____

## IN FORMA PAUPERIS DECLARATION

District Court

[Insert appropriate court]

\* \* \* \* \*